**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MARK ARMSTRONG AND<br>ERIKA ARMSTRONG,<br><br>        Plaintiffs,<br><br>v.<br><br>WING ENTERPRISES, INC.,<br><br>        Defendant. | CIVIL ACTION NO. _____<br><br><br>**COMPLAINT FOR DAMAGES AND**<br>**DEMAND FOR JURY** |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

Plaintiffs, MARK ARMSTRONG and ERIKA ARMSTRONG, allege as follows:

### A.      PARTIES

1.      Plaintiffs are, and at all times herein mentioned were, individuals and citizens of the State of Texas and residing within the Southern District of Texas, Houston Division.

2.      Defendant, WING ENTERPRISES, INC., is, and at all times herein mentioned was, a corporation incorporated under the laws of the State of Utah, with its principal place of business in the State of Utah, and is transacting business in the State of Texas within the Southern District of Texas, Houston Division.

### B.      JURISDICTION

3.      This Court has jurisdiction over this cause pursuant to 28. U.S.C.§ 1332, since the citizenship of Plaintiffs and Defendant are diverse, and the amount in controversy, exclusive of interests and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

## C.    VENUE

4.    Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2), since a substantial part of the events or omissions giving rise to this claim occurred in this district.

## D.    CONDITIONS PRECEDENT

5.    All conditions precedent have been performed or have occurred.

## E.    FIRST CAUSE OF ACTION – Negligence

6.    Plaintiffs reallege paragraphs 1 through 4 and incorporate the same as a part hereof as though fully set forth herein.

7.    Plaintiffs are informed and believe, and based thereupon allege, that at all times herein mentioned, Defendant, WING ENTERPRISES, INC., was engaged in the business of manufacturing, compounding, packaging, labeling, designing, distributing, testing, inspecting, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, displaying, maintaining, repairing, and selling to members of the general public, including Plaintiff MARK ARMSTRONG herein, for consideration a certain product, known as a Little Giant Alta-One ladder, serial number 11042S, which was purchased from The Home Depot in Montgomery County, Texas on or about August, 2015.   At all times material hereto, Defendant advertised and promoted the Little Giant Alta-One ladder as a multi-use ladder system made up of three major components: one inner ladder assembly and two outer ladder assemblies that telescope over the inner section. The inner and outer ladder assemblies work together with hinge locks and Lock Tabs to adjust the ladder into different lengths and positions, including operating as an extension ladder.

8.    Plaintiffs are informed and believe, and based thereupon allege, that at all times herein mentioned, Defendant, WING ENTERPRISES, INC., owed a general duty of care to the

users of its products, including Plaintiff MARK ARMSTRONG herein, to properly manufacture, compound, package, label, design, distribute, test, inspect, construct, fabricate, analyze, recommend, merchandise, advertise, promote, display, maintain, repair, and sell the hereinabove described product.

9.      On or about May 2, 2016, at 129 Harbour Town Circle, Montgomery, Texas 77356, Plaintiff MARK ARMSTRONG was using the herein described product with one or more of the extendable sections of the ladder extended and in a reasonable and foreseeable manner.   Plaintiff MARK ARMSTRONG had extended the ladder and engaged the Lock Tabs to secure the extended section into place.   The Lock Tabs on the herein described product model are designed such that the pin portion of the Lock Tabs are urged into the holes by springs.   The Lock Tabs are located on either side of the ladder and are intended to lock the extension portion of the ladder into place. As a direct and proximate result of the hereinbelow alleged defects directly and proximately caused by Defendant in the manufacturing, compounding, packaging, labeling, designing, distributing, testing, inspecting, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, displaying, maintaining, repairing, and selling of the hereinabove described product, the Lock Tab pin system was defective in manufacture and design in that the forces applied by the springs at each location were inconsistent and the forces required to fully insert the Lock Tabs into their concomitant holes varied from lock to lock, at times being insufficient to fully engaged the Lock Tabs, creating a false locking condition, whereby the Lock Tabs would appear secure, but would not traverse completely into the hole to ensure a complete lock.   In the false locking condition, a user would be able to climb up the ladder, but upon remounting the ladder, the incompletely inserted Lock Tab will disengage and cause the extended portion of the ladder to telescope, thereby subjecting the user to the potential of serious bodily

injury.   As a direct and proximate result of the use of the defective ladder, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

10.     As a direct and proximate result of the negligence and carelessness of Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG was seriously injured in his health, strength, and activity, in all parts of his body, and sustained shock and debilitating injury to his neurological system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous anxiety, and pain and suffering. Plaintiffs are informed and believe, and based thereupon allege, that these injuries have resulted, and will continue to result, in some permanent disability to Plaintiff MARK ARMSTRONG all to his general damage, in an amount to be proven at time of trial.   Plaintiffs are informed and believe, and based thereupon allege, that the amount in controversy herein is in excess of Seventy-Five Thousand Dollars ($75,000.00) and within the jurisdiction of this Court.

11.     As a further direct and proximate result of the acts of Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG was required to, and did, employ physicians, surgeons, and therapists to treat and care for him and did sustain an expense for said medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care and treatment for which Plaintiff MARK ARMSTRONG has incurred liability in an amount unascertained.   Plaintiffs pray leave of Court to amend and/or supplement this Complaint to insert the reasonable value of all medical and additional incidental expenses when same have been ascertained or to prove same at time of trial.

12.     Plaintiffs are informed and believe, and based thereupon allege, that as a further direct and proximate result of the acts of Defendant, WING ENTERPRISES, INC., as hereinabove

alleged, he will require additional medical care, medicines, and other and further medical attention in the future and will incur liability therefor.   Plaintiffs pray leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all the additional incidental expenses when same have been ascertained or to prove same at time of trial.

13.     As a further direct and proximate result of the acts of Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG was incapacitated and prevented from following his usual occupation for an undetermined period of time, and, as result thereof, Plaintiff suffered a loss of earnings and earning capacity and other financial losses in an undetermined amount.   Plaintiff MARK ARMSTRONG prays leave Court to amend and/or supplement this Complaint to include the exact amount of the loss of earnings and earning capacity when ascertained or to prove same at time of trial.

## F.     SECOND CAUSE OF ACTION – Strict Liability

14.     Plaintiffs reallege paragraphs 1 through 12 and incorporate the same as a part hereof as though fully set forth herein.

15.     Plaintiffs are informed and believe, and based thereupon allege, that at all times herein mentioned, Defendant, WING ENTERPRISES, INC., was engaged in the business of manufacturing, compounding, packaging, labeling, designing, distributing, testing, inspecting, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, displaying, maintaining, repairing, and selling to members of the general public, including Plaintiff MARK ARMSTRONG herein, for consideration a certain product, known as a Little Giant Alta-One ladder, serial number 11042S, which was purchased from The Home Depot in Montgomery County, Texas on or about August, 2015.   At all times material hereto, Defendant advertised and promoted the Little Giant Alta-One ladder as a multi-use ladder system made up of three major

components: one inner ladder assembly and two outer ladder assemblies that telescope over the inner section. The inner and outer ladder assemblies work together with hinge locks and Lock Tabs to adjust the ladder into different lengths and positions, including operating as an extension ladder.

16.     Plaintiffs are further informed and believe, and based thereupon allege, that at all times herein mentioned, Defendant, WING ENTERPRISES, INC., knew that the hereinabove described product was to be purchased and used by members of the general public, including Plaintiff MARK ARMSTRONG herein, without inspection for defects.

17.     Plaintiffs are further informed and believe, and based thereupon allege, that at all times herein mentioned, the hereinabove described product, including all of its component parts, ingredients and constituents, was unsafe for its intended use when used in a reasonably foreseeable manner by reason of the hereinabove described defects in the product's manufacturing, compounding, packaging, labeling, designing, distributing, testing, inspecting, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, displaying and selling, in that the hereinabove described product, when used in an extended position, was likely to collapse and the extended portion telescope, thereby causing serious injuries to the user.

18.     On or about May 2, 2016, at 129 Harbour Town Circle, Montgomery, Texas 77356, Plaintiff MARK ARMSTRONG was using the herein described product with one or more of the extendable sections of the ladder extended and in a reasonable and foreseeable manner.   Plaintiff MARK ARMSTRONG had extended the ladder and engaged the Lock Tabs to secure the extended section into place.   The Lock Tabs on the herein described product model are designed such that the pin portion of the Lock Tabs are urged into the holes by springs.   The Lock Tabs are located on either side of the ladder and are intended to lock the extension portion of the ladder into place. As a direct and proximate result of the hereinbelow alleged defects directly and proximately caused

by Defendant in the manufacturing, compounding, packaging, labeling, designing, distributing, testing, inspecting, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, displaying, maintaining, repairing, and selling of the hereinabove described product, the Lock Tab pin system was defective in manufacture and design in that the forces applied by the springs at each location were inconsistent and the forces required to fully insert the Lock Tabs into their concomitant holes varied from lock to lock, at times being insufficient to fully engaged the Lock Tabs, creating a false locking condition, whereby the Lock Tabs would appear secure, but would not traverse completely into the hole to ensure a complete lock.  In the false locking condition, a user would be able to climb up the ladder, but upon remounting the ladder, the incompletely inserted Lock Tab will disengage and cause the extended portion of the ladder to telescope, thereby subjecting the user to the potential of serious bodily injury.  As a direct and proximate result of the use of the defective ladder, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

19.     As a result of the herein alleged defects in the product's manufacture and design, the subject ladder was dangerous to an extent beyond that which would be contemplated by an ordinary user of the product with the ordinary knowledge common to the community as to the ladder's characteristics.

20.     As a direct and proximate result of the negligence and carelessness of Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG was seriously injured in his health, strength, and activity, in all parts of his body, and sustained shock and debilitating injury to his neurological system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous anxiety, and pain and suffering.

Plaintiffs are informed and believe, and based thereupon allege, that these injuries have resulted, and will continue to result, in some permanent disability to Plaintiff MARK ARMSTRONG all to his general damage, in an amount to be proven at time of trial.   Plaintiffs are informed and believe, and based thereupon allege, that the amount in controversy herein is in excess of Seventy-Five Thousand Dollars ($75,000.00) and within the jurisdiction of this Court.

21.     As a further direct and proximate result of the acts of Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG was required to, and did, employ physicians, surgeons, and therapists to treat and care for him and did sustain an expense for said medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care and treatment for which Plaintiff MARK ARMSTRONG has incurred liability in an amount unascertained.   Plaintiff MARK ARMSTRONG prays leave of Court to amend and/or supplement this Complaint to insert the reasonable value of all medical and incidental expenses when ascertained or to prove same at time of trial.

22.     Plaintiffs are informed and believe, and based thereupon allege, that as a further direct and proximate result of the acts of Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG will require additional medical care, medicines, and other and further medical attention in the future and will incur liability therefor.   Plaintiffs pray leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all the additional incidental expenses when same have been ascertained or to prove same at time of trial.

23.     As a further direct and proximate result of the acts of Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG was incapacitated and prevented from following his usual occupation for an undetermined period of time, and, as

result thereof, Plaintiff MARK ARMSTRONG suffered a loss of earnings and earning capacity and other financial losses in an undetermined amount.   Plaintiffs pray leave of Court to amend and/or supplement this Complaint to include the exact amount of the loss of earnings and earning capacity when ascertained or to prove same at time of trial.

24.     Plaintiffs are informed and believe, and based thereupon allege, that the managing agents and/or employees of Defendant, WING ENTERPRISES, INC., had actual knowledge of the hereinabove described defects with the Little Giant Alta-One ladder and the specific defects within the Lock Tab and spring system at the time Defendant imported, distributed, sold, and recommended this specific ladder to Plaintiff MARK ARMSTRONG and other members of the general public.

25.     Plaintiffs are further informed and believe, and based thereupon allege, that despite having actual knowledge of the hereinabove described defects, Defendant, WING ENTERPRISES, INC., intentionally and recklessly failed to inform the public and consumers, including Plaintiff MARK ARMSTRONG, of the known defects of the hereinabove described ladder, as herein alleged.   Plaintiffs are further informed and believe, that at all times herein mentioned, Defendant, WING ENTERPRISES, INC., acted with the intent of causing harm to Plaintiff MARK ARMSTRONG, and, in so doing, acted with conscious disregard for the life, health, safety, rights, and welfare of Plaintiffs, thereby entitling Plaintiffs to an award of punitive and exemplary damages, all in an amount to be proven at the time of trial.

**G.     THIRD CAUSE OF ACTION – Defect in Warnings/Instructions/Marketing Defect**

26.     Plaintiffs reallege paragraphs 1 through 23 and incorporate the same as a part hereof as though fully set forth herein.

27.     At all times herein mentioned, Defendant, WING ENTERPRISES, INC., and its

agents, employees, and/or servants, designed and manufactured an extension ladder with a Lock Tab pin system that used a pin portion of the Lock Tabs which is urged into the holes by springs. The Lock Tabs are located on either side of the ladder and are intended to lock the extension portion of the ladder into place. The Lock Tabs used springs that had inconsistent forces so that the force required to fully insert the locking pins into their concomitant holes varied from lock to lock, at times being insufficient to fully engage the Lock Tabs, creating a false locking condition, whereby the Lock Tabs would appear secure, but would not traverse completely into the hole to ensure a complete lock. In the false locking condition, a user would be able to climb up the ladder, but upon remounting the ladder, the incompletely inserted Lock Tab will disengage and cause the extended portion of the ladder to telescope, thereby subjecting the user to the potential of serious bodily injury.

28.   Defendant, WING ENTERPRISES, INC., designed, manufactured, and marketed the subject ladder with the Lock Tab system using springs with inconsistent forces. The subject ladder was distributed by Defendant, WING ENTERPRISES, INC., with the Lock Tab system using springs with inconsistent forces.

29.   Defendant, WING ENTERPRISES, INC., failed to give adequate warnings of the inconsistency of the Lock Tab spring force and the tendency to create a false locking condition, which caused the product to be unreasonably dangerous.

30.   The subject ladder was unreasonably dangerous as marketed as a result of the failure of Defendant, WING ENTERPRISES, INC., to give adequate warnings of the dangers of the Lock Tab system of the subject ladder that were known or, by the application of reasonably developed human skill and foresight, should have been known.

31.   The subject ladder was unreasonably dangerous as marketed as a result of the failure

of Defendant, WING ENTERPRISES, INC., to give adequate instructions to avoid the subject ladder's dangers of the Lock Tab system of the subject ladder that were known or, by the application of reasonably developed human skill and foresight, should have been known.

32.     As a direct and proximate result of the defect in the warnings, instructions, and marketing of the subject ladder by Defendant, WING ENTERPRISES, INC., as hereinabove alleged, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

**H.     FOURTH CAUSE OF ACTION – Breach of Implied Warranty of Merchantability**

33.     Plaintiffs reallege paragraphs 1 through 31 and incorporate the same as a part hereof as though fully set forth herein.

34.     Prior to and at the time Defendant, WING ENTERPRISES, INC, and its agents, employees, and/or servants designed, manufactured, imported, and distributed the hereinabove described product to The Home Depot for sale to members of the general public for use, as herein alleged, Defendant impliedly warranted to members of the general public, including Plaintiffs herein, that the hereinabove described product was of merchantable quality and was fit for the use for which it was intended by Defendant as an extension ladder with a consistently functioning Lock Tab system.

35.     Plaintiff MARK ARMSTRONG relied on the skill and judgment of Defendant in using the hereinabove described product for the purpose for which it was intended to be used and, on the date of the subject incident, was using the hereinabove described product in its intended manner.

36.     Plaintiffs are informed and believe, and based thereupon allege, that at the time the hereinabove described product was manufactured, compounded, packaged, labeled, designed,

distributed, tested, inspected, constructed, fabricated, analyzed, recommended, mechanized, advertised, promoted, displayed, and made available for sale by Defendant, the hereinabove described product was not fit for its intended purpose, nor of merchantable quality as warranted by Defendant in that the Lock Tab system failed to properly perform due to inconsistent spring forces that caused or contributed to a false locking condition, as hereinabove alleged.   As a direct and proximate result of Defendant's breach, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

37.     The hereinabove described inconsistency in the spring force of the Lock Tab system, causing or contributing to a false locking condition, was a defect of the subject ladder that rendered it unfit for the purpose of a system to secure the extension or fly section of the subject ladder.

38.     Plaintiffs are informed and believe, and based thereupon allege, that there is an alternative safer design that would, with reasonable probability, have prevented or significantly reduced the risk of the telescoping of the fly section without substantially impairing the utility of the subject ladder and such alternative safer design was economically and technologically feasible at the time the subject ladder left the control of Defendant, WING ENTERPRISES, INC., by the application of existing or reasonably achievable scientific knowledge.

39.     As a direct and proximate result of the defects in the hereinabove described product, as hereinabove alleged, resulting in Defendant's breach of the implied warranty of merchantability, as hereinabove alleged, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

I.      **FIFTH CAUSE OF ACTION – Breach of Implied Warranty of
Fitness for a Particular Purpose**

40.      Plaintiffs reallege paragraphs 1 through 38 and incorporate the same as a part hereof as though fully set forth herein.

41.      Prior to and at the time Defendant, WING ENTERPRISES, INC, and its agents, employees, and/or servants designed, manufactured, imported, and distributed the hereinabove described product to The Home Depot for sale to members of the general public for use, as herein alleged, Defendant impliedly warranted to members of the general public, including Plaintiffs herein, that the hereinabove described product was fit for the purpose of an extension ladder with a Lock Tab system to secure the extension or fly section when the ladder was extended and in use.

42.      Through its web marketing and advertising, Defendant, WING ENTERPRISES, INC., represented that it knew that the subject ladder was to be used as an extension ladder with a Lock Tab system to secure the extension or fly section when the ladder was extended and in use.

43.      Through its web marketing and advertising, Defendant, WING ENTERPRISES, INC., requested that members of the general public, including Plaintiffs herein, rely on the skill and judgment of Defendant, WING ENTERPRISES, INC., to select and purchase the subject ladder.

44.      Plaintiff MARK ARMSTRONG relied on the skill and judgment of Defendant in using the hereinabove described product for the purpose for which it was intended to be used and, on the date of the subject incident, was using the hereinabove described product in its intended manner.

45.      Plaintiffs are informed and believe, and based thereupon allege, that at the time the hereinabove described product was manufactured, compounded, packaged, labeled, designed, distributed, tested, inspected, constructed, fabricated, analyzed, recommended, mechanized,

advertised, promoted, displayed, and made available for sale by Defendant, WING ENTERPRISES, INC., the hereinabove described product was not fit for its intended purpose, as warranted by Defendant, in that the Lock Tab system failed to properly perform due to inconsistent spring forces that caused or contributed to a false locking condition, as hereinabove alleged.   As a direct and proximate result of Defendant's breach, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

46.     The hereinabove described inconsistency in the spring force of the Lock Tab system, causing or contributing to a false locking condition, was a defect of the subject ladder that rendered it unfit for the purpose of a system to secure the extension or fly section of the subject ladder.

47.     As a direct and proximate result of the defects in the hereinabove described product, as hereinabove alleged, resulting in Defendant's breach of the implied warranty of fitness for a particular purpose, as hereinabove alleged, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

### J.      SIXTH CAUSE OF ACTION – Breach of Express Warranty

48.     Plaintiffs reallege paragraphs 1 through 46 and incorporate the same as a part hereof as though fully set forth herein.

49.     Prior to and at the time Defendant, WING ENTERPRISES, INC, and its agents, employees, and/or servants sold the hereinabove described product to members of the general public for use, as hereinabove alleged, Defendant expressly warranted to members of the general public, including Plaintiff herein, that the hereinabove described product was of merchantable

quality and was safe for the use for which it was intended by Defendant.

50.     Plaintiffs are informed and believe, and based thereupon allege, that at the time the hereinabove described product was manufactured, compounded, packaged, labeled, designed, distributed, tested, inspected, constructed, fabricated, analyzed, recommended, merchandised, advertised, promoted, displayed, and made available for sale by Defendant, the hereinabove described product was not safe for its intended purpose, nor of merchantable quality as warranted by Defendant, in that the hereinabove described product did not properly perform, as hereinabove alleged.   As a direct and proximate result of Defendant's breach, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

51.     By this Complaint, Plaintiffs hereby notify Defendant of the breach of express warranty, as herein alleged.

52.     As a direct and proximate result of the defects in the hereinabove described product, as hereinabove alleged, resulting in Defendant's breach of express warranty, as hereinabove alleged, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

**K.      SEVENTH CAUSE OF ACTION – Texas Deceptive Trade Practices**

53.     Plaintiffs reallege paragraphs 1 through 51 and incorporate the same as a part hereof as though fully set forth herein.

54.     Plaintiffs are consumers under the Texas Deceptive Trade Practices Act ("DTPA"), because Plaintiffs are individuals who sought and acquired goods by purchase.

55.     Defendant, WING ENTERPRISES, INC., is a corporation that can be sued under the DTPA.

56.     At all times material hereto, Defendant, WING ENTERPRISES, INC., violated the DTPA when Defendant engaged in false, misleading, or deceptive acts or practices that Plaintiff MARK ARMSTRONG relied on to Plaintiff's detriment.     Specifically, Defendant (1) represented that the subject ladder had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which it did not have; (2) represented that the subject ladder was of a particular standard, quality, grade, style, or model that it was not; and (3) failed to disclose information about the subject ladder that was known at the time of the transaction for Plaintiffs' purchase of the subject ladder, which failure to disclose was intended to induce Plaintiffs to enter into a transaction for the purchase of the subject ladder that Plaintiffs would not have entered into had the information been disclosed.

57.     At all times material hereto, Defendant, WING ENTERPRISES, Inc., further violated the DTPA when Defendant breached express and implied warranties.

58.     Prior to and at the time Defendant, WING ENTERPRISES, INC, and its agents, employees, and/or servants designed, manufactured, imported, and distributed the hereinabove described product to The Home Depot for sale to members of the general public for use, as herein alleged, Defendant impliedly warranted to members of the general public, including Plaintiffs herein, that the hereinabove described product was of merchantable quality and was fit for the use for which it was intended by Defendant as an extension ladder with a consistently functioning Lock Tab system.

59.     Plaintiff MARK ARMSTRONG relied on the skill and judgment of Defendant in using the hereinabove described product for the purpose for which it was intended to be used and, on the date of the subject incident, was using the hereinabove described product in its intended manner.

60.     Plaintiffs are informed and believe, and based thereupon allege, that at the time the hereinabove described product was manufactured, compounded, packaged, labeled, designed, distributed, tested, inspected, constructed, fabricated, analyzed, recommended, mechanized, advertised, promoted, displayed, and made available for sale by Defendant, the hereinabove described product was not fit for its intended purpose, nor of merchantable quality as warranted by Defendant in that the Lock Tab system failed to properly perform due to inconsistent spring forces that caused or contributed to a false locking condition, as hereinabove alleged.   As a direct and proximate result of Defendant's breach, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

61.     Prior to and at the time Defendant, WING ENTERPRISES, INC, and its agents, employees, and/or servants designed, manufactured, imported, and distributed the hereinabove described product to The Home Depot for sale to members of the general public for use, as herein alleged, Defendant impliedly warranted to members of the general public, including Plaintiffs herein, that the hereinabove described product was fit for the purpose of an extension ladder with a Lock Tab system to secure the extension or fly section when the ladder was extended and in use.

62.     Through its web marketing and advertising, Defendant, WING ENTERPRISES, INC., represented that it knew that the subject ladder was to be used as an extension ladder with a Lock Tab system to secure the extension or fly section when the ladder was extended and in use.

63.     Through its web marketing and advertising, Defendant, WING ENTERPRISES, INC., requested that members of the general public, including Plaintiffs herein, rely on the skill and judgment of Defendant, WING ENTERPRISES, INC., to select and purchase the subject ladder.

64.     Plaintiff MARK ARMSTRONG relied on the skill and judgment of Defendant in using the hereinabove described product for the purpose for which it was intended to be used and, on the date of the subject incident, was using the hereinabove described product in its intended manner.

65.     Plaintiffs are informed and believe, and based thereupon allege, that at the time the hereinabove described product was manufactured, compounded, packaged, labeled, designed, distributed, tested, inspected, constructed, fabricated, analyzed, recommended, mechanized, advertised, promoted, displayed, and made available for sale by Defendant, WING ENTERPRISES, INC., the hereinabove described product was not fit for its intended purpose, as warranted by Defendant, in that the Lock Tab system failed to properly perform due to inconsistent spring forces that caused or contributed to a false locking condition, as hereinabove alleged.   As a direct and proximate result of Defendant's breach, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

66.     Prior to and at the time Defendant, WING ENTERPRISES, INC, and its agents, employees, and/or servants sold the hereinabove described product to members of the general public for use, as hereinabove alleged, Defendant expressly warranted to members of the general public, including Plaintiff herein, that the hereinabove described product was of merchantable quality and was safe for the use for which it was intended by Defendant.

67.     Plaintiffs are informed and believe, and based thereupon allege, that at the time the hereinabove described product was manufactured, compounded, packaged, labeled, designed, distributed, tested, inspected, constructed, fabricated, analyzed, recommended, merchandised, advertised, promoted, displayed, and made available for sale by Defendant, the hereinabove

described product was not safe for its intended purpose, nor of merchantable quality as warranted by Defendant, in that the hereinabove described product did not properly perform, as hereinabove alleged.   As a direct and proximate result of Defendant's breach, Plaintiff MARK ARMSTRONG sustained permanent and debilitating injuries and damages, as herein alleged, including, but not limited to, a traumatic brain injury.

68.     At all times herein mentioned, Defendant, WING ENTERPRISES, INC., and its agents, employees, and/or servants, designed and manufactured an extension ladder with a Lock Tab pin system that used a pin portion of the Lock Tabs which is urged into the holes by springs. The Lock Tabs are located on either side of the ladder and are intended to lock the extension portion of the ladder into place.   The Lock Tabs used springs that had inconsistent forces so that the force required to fully insert the locking pins into their concomitant holes varied from lock to lock, at times being insufficient to fully engage the Lock Tabs, creating a false locking condition, whereby the Lock Tabs would appear secure, but would not traverse completely into the hole to ensure a complete lock.   In the false locking condition, a user would be able to climb up the ladder, but upon remounting the ladder, the incompletely inserted Lock Tab will disengage and cause the extended portion of the ladder to telescope, thereby subjecting the user to the potential of serious bodily injury.

69.     The herein described inconsistency in the spring force of the Lock Tab system, causing or contributing to a false locking condition, was a defect of the subject ladder that rendered it unfit for the purpose of a system to secure the extension or fly section of the subject ladder.

70.     Defendant, WING ENTERPRISES, INC., designed, manufactured, and marketed the subject ladder with the Lock Tab system using springs with inconsistent forces.   The subject ladder was distributed by Defendant, WING ENTERPRISES, INC., with the Lock Tab system

using springs with inconsistent forces.

71.    It was impracticable for Plaintiffs to give Defendant, WING ENTERPRISES, INC.,
written notice under Texas Business & Commerce Code § 17.505(a), because Plaintiffs needed to
file this suit to prevent the expiration of the statute of limitations.    Therefore, written notice was
not required, pursuant to Texas Business & Commerce Code § 17.505(b).

72.    Defendant, WING ENTERPRISES, INC., acted knowingly and/or intentionally,
which entitles Plaintiff MARK ARMSTRONG to recover mental anguish damages under Texas
Business & Commerce Code § 17.50(b)(1).

73.    Defendant, WING ENTERPRISES, INC., acted knowingly, which entitles Plaintiff
MARK BROWN to recover treble economic damages under Texas Business & Commerce Code
§ 17.50(b)(1).

74.    Defendant, WING ENTERPRISES, INC., acted intentionally, which entitles
Plaintiff to recover treble economic and mental anguish damages under Texas Business &
Commerce Code § 17.50(b)(1)

75.    Plaintiff MARK ARMSTRONG is entitled to recover reasonable and necessary
attorneys' fees for prosecuting this suit.

**L.    Eighth CAUSE OF ACTION – Loss of Consortium**

76.    Plaintiffs reallege paragraphs 1 through 74 and incorporate the same as a part hereof
as though fully set forth herein.

77.    Plaintiffs, MARK ARMSTRONG and ERIKA ARMSTRONG are, and at all times
relevant to this action were, husband and wife.

78.    Prior to the injuries proximately caused by Defendant, WING ENTERPRISES,
INC., as herein alleged, Plaintiff MARK ARMSTRONG was able to and did perform his duties as

a husband.   Subsequent to being injured, and as a proximate result thereof, Plaintiff MARK
ARMSTRONG has been unable to perform his necessary duties as a husband and the work and
services usually performed in the care, maintenance, and management of the family home, and he
will be unable to perform such work, services, and duties in the future.   By reason thereof,
Plaintiff ERIKA ARMSTRONG has been and will continue to be permanently deprived of the
consortium of her spouse, Plaintiff MARK ARMSTRONG, including, but not limited to, the
performance of his necessary duties, obligations, and responsibilities, and the service, love,
companionship, comfort, affection, society, sexual relations, and solace of Plaintiff ERIKA
ARMSTRONG as a husband, all to Plaintiff ERIKA ARMSTRONG's damage in an amount in
excess of $75,000.00, and within the jurisdiction of this Court, and in an amount to be determined
at the time of trial.

## M.      DEMAND FOR JURY TRIAL

79.      Plaintiffs, MARK ARMSTRONG and ERIKA ARMSTRONG, hereby demand a
jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## N.      DAMAGES

80.      As a direct and proximate result of Defendant WING ENTERPRISES, INC.'s
conduct, Plaintiffs have suffered, and will continue to suffer in the future, the following injures
and damages:

      a.   Medical and related expenses;

      b.   Physical pain and suffering;

      c.   Mental anguish;

      d.   Physical impairment;

      e.   Physical disfigurement;

f.   Lost earnings;

g.   Loss of earning capacity;

h.   Loss of consortium;

i.   Treble damages; and

j.   Punitive damages.

## O.   PRAYER

81.   For the above reasons, Plaintiffs, MARK ARMSTRONG and ERIKA ARMSTRONG, pray that Defendant, WING ENTERPRISES, INC., be cited to appear and answer herein and that upon final trial, Plaintiffs have judgment against Defendant for the following:

a.   Actual damages in an amount in excess of $75,000.00, all in an amount to be proven at time of trial;

b.   Pre-judgment and postjudgment interest;

c.   Costs of suit;

d.   Treble damages, in an amount to be proven at the time of trial;

e.   Attorneys' fees, in an amount to be proven at the time of trial;

f.   Exemplary and punitive damages, all in an amount to be proven at the time of trial; and

g.   All such other and further relief to which Plaintiffs may show themselves justly entitled under law or in equity.

Dated:   April 19, 2018

Respectfully Submitted,

**THE AMARO LAW FIRM**

R. James Amaro
SBN: 24036134
Ashlee E. Dunham
SBN: 24084844
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008
713.864.1941 (Tel.)
713.864.1942 (Fax)
fax@amarolawfirm.com


**LAW OFFICES OF FRIEDBERG & BUNGE**


*/s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ.
610 West Ash Street, Suite 1400
P.O. Box 6814
San Diego, California 92101
619.557.0101 (Tel.)
619.557.0560 (Fax)
tom@lawofficefb.com

**ATTORNEYS FOR PLAINTIFFS
MARK ARMSTRONG and ERIKA
ARMSTRONG**