**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARK ARMSTRONG AND<br>ERIKA ARMSTRONG, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:18-CV-01238 |
| WING ENTERPRISES, INC., | § § | |
| *Defendant*. | § § | |

## DEFENDANT WING ENTERPRISES, INC.'S ORIGINAL ANSWER

In response to the Original Complaint filed by Plaintiffs Mark Armstrong and Erika Armstrong ("Plaintiffs"), Defendant Wing Enterprises, Inc. ("Defendant") answers as follows:

## I.    SPECIFIC DENIALS

1.    Paragraph 1 is a recital of information pertaining to Plaintiffs and does not require admission or denial.

2.    Answering Paragraph 2, Defendant admits it is a corporation incorporated under the laws of the State of Utah with its principal place of business in the State of Utah, and is transacting business in the State of Texas within the Southern District of Texas, Houston Division.

3.    Defendant admits to Paragraphs 3 and 4.

4.    Defendant denies Paragraph 5.

5.    Plaintiff merely realleges previous paragraphs.  By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

6.    Answering Paragraph 7, Defendant admits it was engaged in the business of manufacturing, packaging, labeling, designing, distributing, testing, inspecting, constructing,

merchandising, advertising, promoting, displaying, and selling to members of the general public, the Little Giant Alta-One ladder, serial number 11042S. Defendant denies maintaining or repairing the Little Giant Alta-One ladder, serial number 11042S. For the remaining allegations made in Paragraph 7, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

7.      Answering Paragraph 8, the allegations contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

8.      Defendant denies Paragraph 9.

9.      Answering Paragraphs 10 through 13, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

10.     In Paragraph 14, Plaintiff merely realleges previous paragraphs.  By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

11.     Answering Paragraph 15, Defendant admits it was engaged in the business of manufacturing, packaging, labeling, designing, distributing, testing, inspecting, constructing, merchandising, advertising, promoting, displaying, and selling to members of the general public, the Little Giant Alta-One ladder, serial number 11042S. Defendant denies maintaining or repairing the Little Giant Alta-One ladder, serial number 11042S. For the remaining allegations made in Paragraph 15, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

12.     Answering Paragraph 16, Defendant admits it knew the product was to be purchased and used by members of the general public. For the remaining allegations made in Paragraph 16, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

13.     Defendant denies Paragraphs 17 through 19.

14.     Answering Paragraphs 20 through 23, Defendant denies it was negligent or careless or that its acts caused Plaintiff harm.  Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

15.     Defendant denies Paragraphs 24 through 25.

16.     In Paragraph 26, Plaintiff merely realleges previous paragraphs.  By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

17.     Defendant denies Paragraphs 27 through 32.

18.     In Paragraph 33, Plaintiff merely realleges previous paragraphs.  By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

19.     Answering Paragraph 34, Defendant admits its agents, employees, and/or servants designed, manufactured, and distributed the product made the basis of this suit to The Home Depot for sale to members of the general public for use. Defendant denies the remaining allegations in Paragraph 34.

20.     Defendant denies Paragraphs 35 through 39.

21.     In Paragraph 40, Plaintiff merely realleges previous paragraphs.  By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

22.     Answering Paragraph 41, Defendant admits its agents, employees, and/or servants designed, manufactured, and distributed the product made the basis of this suit to The Home Depot for sale to members of the general public for use. Defendant denies the remaining allegations in Paragraph 41.

23.     With regard to the allegations in Paragraphs 42 and 43, Defendant's web marketing and advertising speak for themselves and do not require admission or denial.

24.     Defendant denies Paragraphs 44 through 47.

25.     In Paragraph 48, Plaintiff merely realleges previous paragraphs. By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

26.     Defendant denies Paragraphs 49 through 52.

27.     In Paragraph 53, Plaintiff merely realleges previous paragraphs. By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

28.     Answering Paragraphs 54 and 55, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in said paragraphs, and, on that basis denies each allegation contained therein.

29.     Defendant denies Paragraphs 56 through 61.

30.     With regard to the allegations in Paragraphs 62, Defendant's web marketing and advertising speak for themselves and do not require admission or denial.

31.     Defendant denies Paragraphs 63 through 75.

32.     In Paragraph 76, Plaintiff merely realleges previous paragraphs. By way of its answer, Defendant would direct Plaintiff to Defendant's responses to such previous paragraphs.

33.     At the present time, Defendant is without knowledge or information sufficient to form a belief about the truth of Paragraph 77 and therefore denies the allegations therein.

34.     Answering Paragraph 78, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

35.     Paragraph 79 does not require and admission or denial.

36.     Answering Paragraph 80, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiffs to their proof.

37.     In answer to the prayers for relief in Paragraph 81, Defendant acknowledges that Plaintiffs pray for relief, but deny that Plaintiffs are entitled to any such relief.

## II.     AFFIRMATIVE DEFENSES

As affirmative defenses, Defendant alleges and states as follows:

1.     As an affirmative defense, Defendant avers that the proximate cause of the alleged damages or injuries for which Plaintiffs seek compensation was negligence on the part of the Plaintiff Mark Armstrong insofar as he failed to use ordinary care for his own safety in his failure to read and follow instructions; in the erection of the ladder; climbing the ladder; and in the use of the ladder made the basis of this suit.

2.     Defendant specifically denies that Plaintiffs are entitled to attorney's fees as alleged in Plaintiff's Original Petition.

3.     Defendant reserves the right to amend and/or supplement this Answer at any future time and in conformity with the Federal Rules of Civil Procedure and any orders of this Court.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant Wing Enterprises, Inc. prays Plaintiffs take nothing by reason of this suit, and that Defendant be discharged and go hence

without, and for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

TAUNTON, SNYDER & SLADE, P.C.

*/s/Matthew S. Parish*
Matthew S. Parish
State Bar No. 24014279
Federal Identification No. 25140
580 Westlake Park Blvd., Suite 1120
Houston, TX 77079
Telephone: 713/961-5800
Facsimile: 713/993-2308
Email: mparish@tsslawfirm.com

ATTORNEYS IN CHARGE FOR
WING ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record in accordance of the Federal Rule of Civil Procedure 21 via the ECF system on this the 21st day of May 2018, as follows:

R. James Amaro
Ashlee E. Dunham
THE AMARO LAW FIRM
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008

Thomas F. Friedberg
LAW OFFICES OF FRIEDBERG & BUNGE
610 West Ash Street, Ste. 1400
P.O. Box 6814
San Diego, California 92101

*/s/ Matthew S. Parish*
Matthew S. Parish