United States District Court
Southern District of Texas

**ENTERED**
March 30, 2022
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MARK ARMSTRONG and ERIKA ARMSTRONG, | § § § | CIVIL ACTION NO. 4:18-CV-01238 |
| Plaintiffs, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| WING ENTERPRISES INC, | § § § | |
| Defendant. | § | |

### ORDER DENYING MOTIONS TO EXCLUDE
### AND FOR SUMMARY JUDGMENT

The objections by Plaintiffs to the pending Memorandum and Recommendation are sustained. Dkts 110 & 113. As such, the motions by Defendant Wing Enterprises Inc for summary judgment and to exclude the testimony of Peter Francis and Peter Poczynok are denied. Dkts 96, 97, & 98.

1.   Background

Plaintiff Mark Armstrong suffered a severe head injury when he fell from a Little Giant Alta-One ladder manufactured by Defendant Wing Enterprises Inc. Dkt 1 at 2. Armstrong and his wife Erika subsequently brought this products liability action. Dkt 1.

The case was referred to the Magistrate Judge for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. MEs of 12/04/2019 & 07/10/2020. Wing Enterprises moved to exclude the testimony of both Peter Francis and Peter

Poczynok. Dkts 97 & 98. It also moved for summary judgment. Dkt 96.

The Magistrate Judge issued a Memorandum and Recommendation in September 2021 recommending that those motions be granted. Dkt 110. Plaintiffs filed objections, and Wing Enterprises responded. Dkts 113, 114, & 116.

### 2.   Legal standard

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) advisory committee note (1983).

### 3.   Analysis

#### a.   Exclusion of Plaintiffs' experts

The parties dispute the standard by which to review the disposition of the *Daubert* motions in the Memorandum and Recommendation. Dkt 114 at 9–10 (advocating *clear error* standard on non-dispositive motions); Dkt 116 at 4–5 (advocating *de novo* standard where evidentiary issue intertwined with dispositive ruling). The ruling on the admissibility of the subject expert opinions is plainly dispositive. It will thus be reviewed *de novo*. See *Lawson v Stephens*, 900 F3d 715, 720 (5th Cir 2018).

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Civil Procedure, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or

other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

This rule "assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant." *Curtis v M & S Petroleum Inc*, 174 F3d 661, 668 (5th Cir 1999), citing *Daubert v Merrell Dow Pharmaceuticals Inc*, 509 US 579, 597 (1993). In making this assessment, courts must make "a preliminary assessment" as to the validity of the reasoning or methodology underlying the testimony and "whether that reasoning or methodology properly can be applied to the facts in issue." *Brown v Illinois Central Rail Co*, 705 F3d 531, 535 (5th Cir 2013) (quotation marks and citation omitted). "If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury." *Guile v United States*, 422 F3d 221, 227 (5th Cir 2005) (quotation marks and citation omitted). And "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co v Carmichael*, 526 US 137, 157 (1999) (quotation marks and citation omitted).

The proponent of the expert must "prove by a preponderance of the evidence that the testimony is reliable." *Moore v Ashland Chemical Inc*, 151 F3d 269, 276 (5th Cir 1998). But the exclusion of expert testimony is a highly discretionary enterprise.

*As to Poczynok*, the dynamic tests he conducted couldn't "fully recreate each element of Armstrong's accident." Dkt 110 at 8. But Poczynok never attempted to

"recreate every element of Armstrong's fall from start to finish." Dkt 113 at 13. And no cogent reason suggests that such recreation is necessary to support admission of the aspects he did attempt to recreate.

Poczynok also opined during his deposition that Armstrong landed face-up with the ladder on top of him. A later-discovered contemporaneous 911 call contradicted this opinion, with the caller stating that Armstrong landed face-up with his body partially on top of the ladder. Poczynok explained in his supplemental report, "The ladder is in a position where it can land in a number of ways, both below the climber, or on top of the climber, depending on its rotation during the duration of the climber's fall." Dkt 98-6 at 11. In the first place, information in a 911 call isn't by its nature something that must be accepted as incontrovertible. It is, like all evidence, subject to cross-examination or explanation. Beyond that, nothing about Poczynok's explanation renders his opinion entirely inadmissible. It, too, is simply subject to cross-examination.

Additionally, photographs appear to show that the ladder was found with its lock tabs fully engaged. And no test conducted by Poczynok demonstrated *both* the climber and ladder falling *and* the lock tabs reengaging. Dkt 110 at 9–10. But whether the tabs were fully engaged after the fall is a disputed fact that must be resolved at trial. For example, see Dkt 103-11 at 7.

Poczynok also conducted static tests to demonstrate that either "the rough surface of the bar upon which the spring is mounted" or "the undersized diameter of the bar" could have contributed "to reducing the spring force applied to the J-lock," resulting in the false-lock position. Dkt 98-1 at 49. But he never calculated the amount of force needed for the tabs to perform appropriately. Dkt 110 at 11. Still, Poczynok contends that the *reduction* in force, not the *total* force, is at issue. And his static tests resulted in a 92% rate of false locking. Dkt 103-4 at 8.

In sum, inconsistencies between the testimony of Poczynok, the evidence, and expert testimony proffered by

Wing Enterprises may affect Poczynok's credibility before the jury. But they don't render his testimony inadmissible. See *Primrose Operating Co v National American Insurance Co,* 382 F3d 546, 562 (5th Cir 2004).

*As to Francis*, he originally opined that it was unlikely Armstrong landed on top of the ladder. Dkt 97-10 at 2. But after the introduction of the 911 call, he explained that Armstrong and the ladder likely rotated as they fell backwards, resulting in a resting position consistent with that described by the 911 call. Dkt 97-10 at 17.

This change in position—if it can even be described as such—doesn't disqualify Francis's expert testimony. His original statement wasn't stated categorically, but instead depended upon hypothesized facts. For example, see *Johnson v Arkema Inc*, 2010 WL 11506972, *19 (WD Tex). The opinion is admissible, with cross-examination on this point of course remaining available.

The objections by Plaintiffs regarding the exclusion of the testimony of Peter Poczynok and Peter Francis will be sustained. Dkt 113. The motions by Wing Enterprises to exclude the testimony of Peter Francis and Peter Poczynok will thus be denied. Dkts 97 & 98.

### b.   Motion for summary judgment

The recommendation to grant the motion for summary judgment by Wing Enterprises depended entirely upon the exclusion of the expert witnesses. Dkt 110 at 15–16. With determination of their admissibility, a genuine dispute of material fact exists as to the claims by Armstrong for both design and manufacturing defect.

The motion by Wing Enterprises for summary judgment will be denied. Dkt 96.

### 4.   Conclusion

The objections by Plaintiffs to the Memorandum and Recommendation of the Magistrate Judge are SUSTAINED. Dkts 113 & 116.

The motion by Defendant Wing Enterprises Inc to exclude the testimony of Peter Francis is DENIED. Dkt 97.

The motion by Defendant Wing Enterprises Inc to exclude the testimony of Peter Poczynok is DENIED. Dkt 98.

The motion by Defendant Wing Enterprises Inc for summary judgment is DENIED. Dkt 96.

SO ORDERED.


Signed on March 30, 2022 at Houston, Texas.

Hon. Charles Eskridge
United States District Judge