United States District Court
Southern District of Texas
**ENTERED**
April 14, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARK ARMSTRONG AND | § | |
| ERIKA ARMSTRONG, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:18-cv-1238 |
| | § | |
| WING ENTERPRISES, INC., | § | |
| *Defendant*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This products liability case, in which Plaintiff Mark Armstrong alleges he was seriously injured when he fell from a defective ladder designed and manufactured by Defendant, is before the Court on Defendant's Third Renewed Motion for Summary Judgment.[1]  ECF 138.  Plaintiffs have filed a Response (ECF 139) and Defendant has filed a Reply (141).  Having reviewed the parties' submissions and the law, the Court RECOMMENDS that Defendant's Motion for Summary Judgment be DENIED.

### I.     Background

The procedural history of this case is a bit unusual and provides context for the Court's recommendation.  After filing of the Complaint in April 2018 and entry

---

[1] The District Judge referred the case the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 119.

of an initial scheduling order in July 2018 (ECF 11), the docket reflects no activity in the case until the parties jointly moved and were granted an extension of expert deadlines in May 2019, and then filed multiple motions, including motions to compel, motions to exclude experts, and Defendant's first motion for summary judgment. *See* ECF 14-51.  On November 4, 2019, the case was reassigned from District Judge Bennett to District Judge Eskridge and referred to Magistrate Judge Johnson.  ECF 52, 54.  The reference was transferred to Magistrate Judge Sheldon in July 2020 and the pending motions were set for hearing.  ECF 88.  The parties agreed to withdraw the pending expert and summary judgment motions without prejudice to refiling.  ECF 90.

Defendant filed renewed motions on November 20, 2020. ECF 96-98.  On September 3, 2021, Judge Sheldon issued a Memorandum and Recommendation recommending that Defendant's motions to exclude Plaintiffs' experts Peter Francis and Peter Poczynok be granted, and on that basis recommending that Defendant's motion for summary judgment be granted as well.  ECF 110.  On March 30, 2022, Judge Eskridge sustained Plaintiffs' objections to the Memorandum and Recommendation and issued an Order denying Defendant's motions to exclude experts and denying Defendant's motion for summary judgment.  ECF 118.  Judge Eskridge then referred the case to Magistrate Judge Bryan, who promptly set a status conference for June 7, 2022.  ECF 119, 123.

Prior to the status conference, on May 5, 2022, Defendant filed a Second Renewed Motion for Summary Judgment.  ECF  127.  At the status conference, Plaintiff sought and was granted leave to reopen expert discovery for the limited purpose of taking "brief depositions of Brian Russel and Art Wing on the issue of an alleged defect regarding the width of the outer rails of the subject ladder," and granted leave to file a supplemental expert report of Poczynok "limited to the issue of the width of the outer rails."  ECF 135.  In light of the reopening of discovery, the Court terminated the Second Renewed Motion of Summary Judgment without consideration of its merits and without prejudice to refiling.  *Id.*  After further extensions of time at the parties' request, Defendant filed its Third Renewed Motion for Summary Judgment (ECF 138), which brings the case to its current status.[2]

## II.   The Court's March 30, 2022 Order Precludes the Current Motion in Large Part

Defendant insists the Court should consider its current Third Renewed Motion for Summary Judgment because neither Judge Sheldon nor Judge Eskridge addressed the merits of its arguments that Plaintiffs' expert evidence, even if admissible, is insufficient to meet Plaintiffs' burden on the elements of their manufacturing and design defect claims.  *See* ECF 138; ECF 141.   In its [First] Renewed Motion for Summary Judgment, Defendant argued that:

---

[2] Docket Call before Judge Eskridge is set for June 19, 2023.  ECF 137.

(1) Plaintiffs' expert testimony on causation was inadmissible; (2) Plaintiffs could not demonstrate that any alternative design would have substantially reduced the risk of Armstrong's accident; (3) Plaintiffs provided no evidence that design alternatives were technologically and economically feasible; and (4) Plaintiffs failed to show that any manufacturing deficiency caused the accident.

ECF 138 at 7 (citing ECF 96). Defendant argues that neither Judge Sheldon nor Judge Eskridge ruled on grounds 2-4. *Id.* at 8.

Judge Eskridge's March 30, 2022 Order Denying Motions to Exclude and For Summary Judgment is clear and unequivocal. *See* ECF 118 (*Armstrong v. Wing Enterprises Inc.*, No. 4:18-CV-01238, 2022 WL 950873 (S.D. Tex. Mar. 30, 2022)). Judge Eskridge reviewed Judge Sheldon's recommendations as to both the exclusion of expert testimony and summary judgment de novo. *Id.* at 2. Judge Eskridge expressly rejected Defendant's arguments regarding the admissibility of Poczynok's opinions, specifically addressing: deficiencies in Poczynok's dynamic tests; contradictions between Poczynok's opinion and statements in the 911 call regarding how Armstrong landed; photographs of the ladder and questions regarding whether the lock tabs were fully engaged at the time of the accident; whether Poczynok's static tests demonstrated "the rough surface of the bar upon which the spring is mounted" or "the undersized diameter of the bar" contributed to a reduction in force that resulted in false locking. *Id.* at 3-4. Judge Eskridge noted that Poczynok's opinions would be subject to cross-examination at trial and concluded that "inconsistencies between the testimony of Poczynok, the evidence, and expert

4

testimony proffered by Wing Enterprises may affect Poczynok's credibility before the jury.  But they don't render his testimony inadmissible." *Id.* at 4-5.

After sustaining Plaintiffs' objections and rejecting Defendant's arguments regarding the admissibility of Plaintiffs' expert testimony, Judge Eskridge turned specifically to the Motion for Summary Judgment, and held:

> The recommendation to grant the motion for summary judgment by Wing Enterprises depended entirely upon the exclusion of the expert witnesses. Dkt 110 at 15–16. ***With determination of their admissibility, a genuine dispute of material fact exists as to the claims by Armstrong for both design and manufacturing defect.***
>
> ***The motion by Wing Enterprises for summary judgment will be denied.***

ECF 18 (emphasis added).  Reading the March 30, 2022 Order as a whole, it is clear that Judge Eskridge denied Defendant's Renewed Motion for Summary Judgment because after finding Plaintiff's expert testimony admissible, he identified "a genuine dispute of material fact exists as to the claims by Armstrong for both design and manufacturing defect." *Id.* at 3.

The Court will not revisit arguments that were, or could have been, raised in the prior motion for summary judgment, nor will the court revisit Judge Eskridge's Order. Upon de novo review of Defendants' Renewed Motion for Summary Judgment (ECF 96), Judge Eskridge found a genuine dispute of material fact as to Plaintiffs' design and manufacturing defect claims.  ECF 118.  A district court is not required to give detailed reasons in a non-final order denying summary judgment.

*Shumaker v. Vilsack*, No. 22-40423, 2022 WL 18229790, at *1 (5th Cir. Aug. 22, 2022) (holding that order denying summary judgment is not a final order).  Further, even if the Court did not consider all of Defendant's arguments, the Court is not required to allow multiple dispositive motions.  Defendant's arguments can be re-urged at trial and, if unsuccessful, legal issues may be preserved for appeal by filing a motion pursuant to Rule 50 of the Federal Rules of Civil Procedure.  *Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591, 596 (5th Cir. 2017).

## III.   The Court Will Consider Only New Arguments Raised in the Instant Motion

Following Judge Eskridge's March 30, 2022 decision, the Court reopened limited discovery at Plaintiff's request.  ECF 135.  As a result, the Court granted Defendant leave to file a renewed motion for summary judgment after the additional discovery was completed.  *Id.*   Therefore, the Court will address arguments Defendant has raised for the first time in the Third Renewed Motion for Summary Judgment based on the additional discovery.

According to Defendant's Third Renewed Motion for Summary Judgment, Poczynok identifies four manufacturing defects: (1) the buckling of the Lock Tab spring; (2) the surface texture of the spring guide; (3) the diameter of the spring guide; and (4) the width of the outer section assembly.  ECF 138 at 16.  Plaintiffs' Response describes three manufacturing defects identified by Poczynok that reduce spring force and contribute to false locking: (1) the rough surface of the J-lock pin;

(2) the out of tolerance diameter of the J-lock pin; and (3) the out of tolerance width of the outer rails.  ECF 139 at 7-9.  The additional discovery the Court allowed in June 2022 related to the width of the outer section assembly, also referred to as the width of the outer rails.  Thus, the Court addressed below only new arguments related to the width of the outer section assembly.

A.      **Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).  Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party.  *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).  "An issue is material if its resolution could affect the outcome of the action."  *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).  If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving

party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### B. Plaintiff's Evidence of the Alleged Outer Rails Manufacturing Defect

Poczynok's October 23, 2022 expert report explains that Poczynok took measurements of the artifact ladder and compared them to the Weld Fab drawing number 21061 produced by Defendant. ECF 139-9 at 3-4. Poczynok also examined xrays of the ladder taken in May 2022. *Id.* at 8-18. Based on his observations and analysis, Poczynok opined, among other things, that the ladder was defectively manufactured because "the width is out of tolerance due to being larger than the maximum allowable dimension" and "the rails are not parallel as specified." *Id.* at 41. In Poczynok's opinion:

> Because the welded fabrications of the incident ladder are manufactured defectively large and out of tolerance, the rattle space between the rails of the welded fabrication and the rails of the ladder's base section is increased. This allows the welded fabrications to shift

> side to side and tilt relative to the base section, misaligning the lock tabs and decreasing the force of the lock tab spring urging the lock tab into full engagement and increasing the probability of a false lock.

ECF 139-9 at 41.

Defendant argues that Poczynok's testimony regarding the width of the outer rails does not raise a genuine issue of material fact on a manufacturing defect claim because Plaintiffs cannot show that the alleged defect existed at the time the ladder left the manufacturer or that it was a producing cause of plaintiff's injuries. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (stating that Texas law requires a plaintiff to prove "that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries."). Defendant points out that Poczynok measured the outer rails six years after the accident after the ladder had been used many times. ECF 138 at 20; ECF 141 at 8. Defendant also contends that Poczynok's analysis shows too small a reduction in force to be a producing cause of the accident. ECF 138 at 21; ECF 141 at 9.

Plaintiff has presented evidence in the form of Poczynok's October 23, 2022 supplemental report that the outer rails were "out of tolerance" and that this manufacturing defect contributed to false locking. This evidence creates a genuine issue of material fact on the alleged manufacturing defect related to the width of the outer rails. Defendant's arguments primarily go to the weight of the evidence and

can be thoroughly explored in cross-examination and in rebuttal expert testimony. The Court agrees with Plaintiffs that this "case presents a classic 'battle of the experts.'" ECF 139 at 6.

## IV.    Conclusion and Recommendation

For the reasons explained above, the Court RECOMMENDS that Defendant's Third Renewed Motion for Summary Judgment be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 14, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge